IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01013–CMA–KMT

CORPORATE STOCK TRANSFER, INC.,

      Plaintiff,

v.

AE BIOFUELS, INC., and
SURENDRA KUMAR AJJARAPU,

      Defendants.

---

**ORDER**

---

This matter is before the court on Surendra Kumar Ajjarapu's and Sandhya Ajjarapu's

("Ajjarapus") "Motion for Leave to File Amended and Restated Complaint and to Join Party on

Behalf of Counter-Claimants/Cross-Claimants" ("Motion") [Doc. No. 37, filed September 5,

2009] and the brief in support [Doc. No. 38].  AE Biofuels, Inc. ("AE") filed its "Opposition to

Cross-Claimants' Motion for Leave to File Amended and Restated Complaint" ("AE Response")

[Doc. No. 40] on September 11, 2009 and Corporate Stock Transfer, Inc. ("CST") filed its

"Opposition to Motion for Leave To File an Amended and Restated Complaint" ("CTS

Response") [Doc. No. 44] on September 25, 2009.  The Ajjarapus filed a Reply to AE's

objection on September 25, 2009. [Doc. No. 45].  The Motion seeks leave to file an Amended

Complaint which would re-align the parties in this interpleader case and to add claims and

parties to the Ajjarapus former counter and cross claims.

Also considered is CST's related "Motion for Entry of Show Cause Order to Discharge

Plaintiff from Liability and Injunction" [Doc. No. 8, filed June 2, 2009].

### *Procedural History*

At the time of the filing of the Complaint, Plaintiff CST asserted that as the stock transfer

agent for AE, CST maintains stock records and processes requests to transfer, register and issue

shares of AE stock.  (Compl. [Doc. No. 1] ¶¶ 7, 8.)  As stockholders of 8,100,000 shares of AE

stock, the Ajjarapus dealt with CST in an attempt to receive their stock certificates in an

unrestricted to facilitate sale.  (*Id.* ¶ 12.)  CST received instructions from the Ajjarapus

concerning the removal of a restrictive legend on their stock shares in December 2008.  (*Id.* ¶

18.)  CST received conflicting instructions from AE not to remove the legend.  (*Id.* ¶ 22.)  The

Ajjarapus and AE disagreed, and apparently continue to disagree, about the interpretation of

Securities and Exchange Commission ("SEC") Rule 144 of the Securities Act of 1933 and its

effect on the removal of the restrictive legend contained on the Ajjarapus stock and,

consequently, on the Ajjarapus ability to re-sell the stock.[1]  At the time of the filing of the

Complaint, CST claimed that as a result of the conflicting legal interpretations provided by the

Ajjarapus and AE as to whether the conditions of SEC Rule 144 had been satisfied, CST was

unable to determine whether it had a legal duty to follow the instructions of AE, nominal issuer

---

[1] Subsequent to the filing of the Complaint, CST did remove the legend on the stock
certificates with the acquiescence of AE.

of the stock, or whether it should follow the instructions of the Ajjarapus, the stockholders. (*Id.*

at ¶ 32.)  Therefore CST impleaded the stock and requested it be reimbursed the costs and

expenses of the litigation.  (*Id.* at 38, 39.)

On July 1, 2009, the Ajjarapus filed, with their Answer to the Complaint, their Cross-

claims and Counterclaims against AE and CST ("Cross and Counterclaims").  [Doc. No. 10.]

The Ajjarapus brought claims against AE for breach of fiduciary duty, conversion, securities

fraud in violation of § 10(b) of the Exchange Act and Rule 10b-5 (15 U.S.C. § 78j(B) and 17

C.F.R. § 240.10B-5), and sought damages and injunctive relief.  (*Id.*)  The Ajjarapus brought

claims against CST for declaratory judgment concerning the application of SEC Rule 144 with

respect to the AE stock owned by the Ajjarapus, claiming that CST "unlawfully failed in its

duties as transfer agent of AE by failing to abide by the Shareholders' lawful and fully 144

compliant requests, or alternatively, the Shareholders' rights to resell their AE Stock pursuant to

§ 4(1) and § 4(2) of the Act and to re-issue their AE Stock without restrictive legend, . . . . " (*Id.*

at 18.)

On July 28, 2009, AE filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

claiming that: 1) the Ajjarapus' common law claims of breach of fiduciary duty and conversion

are preempted by the UCC;(2) in connection with their securities fraud claim, the Ajjarapus'

failed to allege that AE made untrue or misleading statements of material fact, that the

statements were made in connection with the purchase or sale of securities, that AE acted with

the intent to defraud or with recklessness, and that the Ajjarapus relied on the misleading

statements; and 3) the Ajjarapus failed to plead the necessary elements to obtain injunctive relief. [Doc. No. 26.]

At the Scheduling Conference held by this court on July 30, 2009, the parties advised the court that CTS would be removing the restrictive legend on the stock certificates at issue and that the Ajjarapus would likely be filing an Amended Complaint to re-align the parties and set forth the appropriate damage claims.  (Minutes of Scheduling Conference, July 30, 2009 [Doc. No. 28].)  All parties appeared to be in accord with this procedure.  Thereafter, the Ajjarapus filed their Amended Complaint on August 31, 2009. [Doc. No. 35.] After receiving notice that a court order was required to file the proposed Amended Complaint, this motion, now opposed, was filed by the Ajjarapus on September 5, 2009.

AE objects to the filing of the proposed Amended Complaint on the basis that it attempts to add as a new defendant, Crone Rozynko, LLP ("Crone"), the California law firm which represented AE during much of the relevant time period and with whom AE's corporate counsel was formerly associated, asserting that this court lacks personal jurisdiction over Crone. Additionally, AE objects to the proposed Amended Complaint on the basis that the Ajjarapus re-allege tort claims AE believes are barred by law, that the proposed Amended Complaint seeks to join CTS in its Rule 10b-5 securities fraud claim which AE claims is facially deficient, and that the proposed Amended Complaint fails to allege fraud with the required specificity.  AE also claims that the proposed Amended Complaint ,as constituted, is brought in bad faith to "'leverage' AE Biofuels and CST by suing lawyers without jurisdiction and making allegations which lack foundation in fact and fail to state a claim."  [AE Resp. at ¶ 1.]  CTS joined AE's

Response and added as additional grounds for denial of the proposed Amended Complaint that

the Amended Complaint is futile because it does not allege the requisite scienter on the part of

CTS to state a securities fraud claim and that such a claim against CTS has not been stated with

adequate particularity pursuant to Fed. R. Civ. P. 9(b).

### *Legal Standards*

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings

"when justice so requires."  The grant or denial of an opportunity to amend is within the

discretion of the court, but "outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365 (10th Cir. 1993).  The Tenth Circuit has concluded that the timeliness of the

amendment and the prejudice to a defendant are to be the crux of the inquiry.  *Minter v. Prime*

*Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the

district court may deny leave to amend where amendment would be futile. A proposed

amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson*

*County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).  An

amendment to a complaint is futile only if the plaintiffs can prove no set of facts in support of

their amendment that would entitle them to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). *Cf. Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Fluker v. Federal Bureau of Prisons*, 2009 WL 1065986, *4 (D. Colo. 2009) citing *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Id. (quoting Deakyne v.Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend. Fluker, *id.* Charges in a complaint can be considered brought in bad faith if they are brought "recklessly or with indifference to the law, as well as by acting in the teeth of what [legal counsel] knows to be the law." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (dealing with sanctions against attorney.)

*Analysis*

*A.      Futility*

The proposed Amended Complaint asserts that CTS is a citizen of Colorado and that CTS dealt with AE regularly in order to maintain AE's stock records and to process requests to

transfer, register and issue shares of AE stock.  (Proposed Amended Complaint, [Doc. No. 37-2, Exh. to Mot.]("Pr.Am.Compl.") ¶¶ 8, 42.)  Crone was legal counsel for AE during a portion of the events underlying this lawsuit.  (*Id.* at ¶ 10.)  Crone is purportedly a California entity.  (*Id.*)  Subsequent to the merger of American Ethanol and Marwich II, Ltd., Surendra Ajjarapu became AE's president and was on the board of directors.  (*Id.* ¶¶ 18, 20.)  Mr. Ajjarapu resigned from the presidency and the board and also resigned all positions in AE's Indian subsidiary on October 22, 2008.  (*Id.* ¶20.)

The proposed Amended Complaint alleges that Mr. Ajjarapu relied on AE's legal counsel for a determination regarding the availability of his AE shares for resale after one year had passed from the date of merger. (*Id.* ¶ 28.)  Mr. Ajjarapu also retained a private brokerage firm, Gunn Allen, to assist him.  (*Id.* ¶29.)  In December 2008, when Mr. Ajjarapu contacted CST to obtain his unrestricted stock certificates, CST allegedly informed Mr. Ajjarapu's brokerage firm that the shares were not available for release from the restrictive conditions which arose as a product of the merger.  (*Id.* ¶ 29.)  Several months later Mr. Ajjarapu received word that CST had released other AE shareholders' stock certificates without the restrictive endorsement while continuing to hold his shares as restricted.  (*Id.* ¶30.)  The proposed Amended Complaint asserts that Crone had issued two or more legal opinions as to the other shareholders that their shares could be legally released without restrictive endorsement while continuing to instruct CST not to release Mr. Ajjarapu's shares.  (*Id.* ¶ 30-31.)  Mr. Ajjarapu then sought and received an opinion from his privately retained securities counsel that his and his wife's shares in AE should be released without restrictive legend.  (*Id.*)

The proposed Amended Complaint alleges that AE clandestinely and secretly instructed CST, through Crone, not to permit the release of Ajjarapus' stock without restrictive legend on the basis that AE would be late filing its Form 10-K and the effect that might have on SEC Rule 144 transfers. (*Id.* ¶31.)  The proposed Amended Complaint asserts that this information was without basis in fact. (*Id.*)  The proposed Amended Complaint alleges that AE provided the Ajjarapus with varying interpretations of SEC Rule 144 in order to "continue to perpetrate its fraud and deception" and provides exhibits of legal opinion letters issued by Crone for other shareholders during the relevant time period. (*Id.* ¶¶ 34-37, Exhs. A and B.)

The Ajjarapus assert that "AE intended to thwart and frustrate [Mr. Ajjarapu's] rights to resell the Shares, as permitted under Rule 144." (*Id.* ¶ 33.)  The proposed Amended Complaint alleges that the economic motive in thwarting the Ajjarapus' requests to receive their AE shares without restrictive legends was because "doing so artificially inflated the price of AE common stock in the over-the-counter market." (*Id.* ¶ 74.)

On July 9, 2009, according to the proposed Amended Complaint, CST offered to issue the Ajjarapus stock shares without restrictive endorsement. (*Id.* ¶ 39.)  AE agreed to the removal of the restrictive endorsement on July 27, 2009 and the unrestricted stock certificates were released to the Ajjarapus. (*Id.* ¶ 40.)

### 1.      *Personal Jurisdiction over proposed Defendant Crone Rozynko, LLP*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal*

*Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In the preliminary stages of litigation, Plaintiff's

burden is light.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Where, as here,

there has been no evidentiary hearing, and no opportunity to have filed a motion to dismiss for

lack of personal jurisdiction, Plaintiff need only make a *prima facie* showing that jurisdiction

exists.  *Id.*  See  *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (Plaintiff "has

the duty to support jurisdictional allegations in a complaint by competent proof of the supporting

facts if the jurisdictional allegations are challenged by an appropriate pleading.".

At this stage of the proceedings, the allegations in Plaintiff's complaint "must be taken as

true to the extent they are uncontroverted by the defendant's affidavits."  *Wenz*, 55 F.3d at 1505

(*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).  Only well-pled facts, as

opposed to mere conclusory allegations, must be accepted as true.  *Id.*

To determine whether a federal court has personal jurisdiction over a nonresident

defendant in a diversity action, the court looks to the law of the forum state.  *Taylor v. Phelan*,

912 F.2d 429, 431 (10th Cir. 1990).  In Colorado, the assertion of personal jurisdiction must

both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process.  *Id.*;

*Doering v. Copper Mountain*, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001); *Classic Auto Sales,*

*Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992).  Colorado's long-arm statute subjects a

defendant to personal jurisdiction for committing torts within the state or conducting business

within the state.  Colo. Rev. Stat. §§ 13–1–124(1)(a)–(b) (2007).  Colorado's long-arm statute is

a codification of the "minimum contacts" principle required by due process.  *See Lichina v.*

*Futura, Inc.*, 260 F. Supp. 252, 255 (D. Colo. 1966).  To comport with due process, a defendant

must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Accordingly, under Colorado law, a court may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *See OMI Holdings, Inc.*, 149 F.3d at 1090; *Scheur v. Dist. Ct.*, 684 P.2d 249 (Colo. 1984).

The Ajjarapus claim that in December, 2008 and in March 2009, Crone prepared legal opinions that one or more shareholders would be able to rely on SEC Rule 144 to receive and resell their AE shares without restrictive legend and those shareholders were able to receive unencumbered stock certificates when Crone forwarded those opinion letters to CST in Colorado.  (*Id.* ¶¶ 50-51).  In spite of these opinion letters for other shareholders, the proposed Amended Complaint alleges that Crone purposely and/or recklessly instructed CST not to permit legend removal on the Ajjarapus' shares on "the bogus grounds that AE did not intend to maintain current publicly filed periodic reports with the SEC . . . ." (*Id.* ¶¶ 52-53.)  The proposed Amended Complaint alleges this was done to manipulate the price and volume of AE common stock.  (*Id.* ¶ 51.)

This court finds that the proposed Amended Complaint sets forth a prima facie showing of minimum contacts sufficient such that maintenance of the lawsuit against Crone would not offend "traditional notions of fair play and substantial justice" required by *Int'l Shoe*, 326 U.S. at 316.  The proposed Amended Complaint alleges: Crone knew the Ajjarapus were attempting to retrieve their AE stock shares from CST in Colorado without restrictive endorsement; Crone further knew that it had issued a number of other opinion letters purporting to allow similarly

situated AE shareholders to receive share certificates without the restrictive endorsement so that

the stock could be sold; and, Crone directly communicated with CST in Colorado and directed

CST to treat the Ajjarapus differently from the other shareholders and decline to issue the shares

from CST's offices in Colorado to the Ajjarapus in Florida for the alleged purpose of

manipulating the price and volume of AE common stock..  As noted, Colo. Rev. Stat. §§

13–1–124(1)(a)–(b) subjects a defendant, whether acting "either in person or by an agent," to

personal jurisdiction for engaging in alleged tortious acts within the state or for transacting any

business within this state.  Crone is alleged to have done both.

Further, I do not find any bad faith on the part of the Ajjarapus in joining Crone as a

party to the lawsuit.  Crone does not represent AE or CST in this lawsuit, although one of AE's

present in-house counsel, Alisande M. Rozynko, worked for Crone at one time.  AE currently

lists both Dana L. Eismeier and Hilary A. Anderson of the Denver law firm of Burns, Figa &

Will  as additional counsel.  The claims in the proposed Amended Complaint and the facts

supporting those claims, do not appear on their face to be brought recklessly or with indifference

to the law, although there are certainly contested issues of law with respect to the applicability

and interpretation of SEC Rule 144.  Such disagreements are the bread and butter of the

American advocacy system.

### 2.    *Failure to State a Claim and Adequately Plead Fraud Against CST.*

The Ajjarapus claim that CST had no independent authority to determine whether the

Ajjarapus' request to issue their shares without restriction was legal or not legal, especially in

light of the legal opinion presented to CST by the Ajjarapus' outside securities counsel.  (*Id.* ¶¶

43-45.)  The Ajjarapus claim that CST's communication with the Ajjarapus' brokerage firm that

the shares  remained legally restricted was purposefully or recklessly miscommunicated,

especially in light of the fact that CST was releasing other AE shareholders' stock without the

restrictive endorsement in reliance on the opinion letters by Crone, AE's counsel.  (*Id.* ¶¶ 47-48.)

The proposed Amended Complaint alleges that as a result of CST's wrongful actions, refusals

and inactions, the Ajjarapus have suffered substantial economic damages.  (*Id.* ¶ 62.)  The

Ajjarapus conclude that the defendants all collectively employed devices, schemes and artifices

to defraud, made untrue statements of material facts or omitted to state material facts necessary

to make the statements not misleading and have engaged in acts, practices and a course of

business which operated as a fraud and deceit upon the Ajjarapus and other AE shareholders and

that they each did so with intent to deceive the Ajjarapus.  (*Id.* ¶

74.)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.*

*Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*.  The court, however, need not accept

conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas*

*Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the

elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must

evaluate "the totality of the pleadings" to determine if the plaintiffs have stated an actionable

claim of securities fraud.  *See City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1261-62

(10th Cir.2001).  Section 10(b), 15 U.S.C. § 78j(b), and SEC Rule 10b-5 prohibit fraudulent acts

committed in connection with securities transactions.  *Adams v. Kinder-Morgan, Inc.*, 340 F.3d

1083, 1095 (10th Cir. 2003).  Section 10(b) makes it unlawful "[t]o use or employ, in connection

with the purchase or sale of any security ... any manipulative or deceptive device or contrivance

in contravention of such rules and regulations as the [SEC] may prescribe as necessary or

appropriate in the public interest or for the protection of investors."  Title 15 U.S.C. § 78j(b).

SEC Rule 10b-5 identifies certain actions that are prohibited by the statute. In particular, Rule

10b-5 makes it unlawful "[t]o make any untrue statement of a material fact or to omit to state a

material fact necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading . . . ."  Title 17 C.F.R. § 240.10b-5.

To state a claim under Rule 10b-5 for securities fraud, a plaintiff's complaint must

contain allegations addressing

> (1) the defendant made an untrue or misleading statement of material fact, or
> failed to state a material fact necessary to make statements not misleading; (2) the
> statement complained of was made in connection with the purchase or sale of
> securities; (3) the defendant acted with scienter, that is, with intent to defraud or
> recklessness; (4) the plaintiff relied on the misleading statements; and (5) the
> plaintiff suffered damages as a result of his reliance.

*Adams*, 340 F.3d at 1095.  The Private Securities Litigation Reform Act of 1995, ("PSLRA").

Pub. L. No. 104-67, 109 Stat. 737. requires that the complaint "specify each statement alleged to

have been misleading, the reason or reasons why the statement is misleading, and, if an

allegation regarding the statement or omission is made on information and belief, [and] [ ]shall

state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).

Further, the PSLRA requires that as to scienter, the complaint must "with respect to each act or

omission alleged to violate this chapter, state with particularity facts giving rise to a strong

inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).

The requirement that "all facts" on which a belief is formed be stated with particularity

does not mean that plaintiffs must plead with particularity "'every single fact upon which their

beliefs concerning false or misleading statements are based.'" *Adams* at 1098-99 (*quoting Novak*

*v. Kasaks*, 216 F.3d 300, 313-14 (2d Cir.2000));*In re Rhythms Securities Litigation*, 300 F. Supp.

2d 1081, 1086 (D. Colo. 2004).  Rather, plaintiffs "'need only plead with particularity sufficient facts to support those beliefs.'" *Rhythms Securitites* at 1087.  A common-sense, case-by-case approach will edify any determination of whether the facts alleged are sufficient under this standard, requiring courts to determine whether, "taken as a whole, the facts alleged support a reasonable belief that the defendant's statements identified by the plaintiff were false or misleading." *Id.* (*quoting Adams* at 1098-1099.).  *See also, West Palm Beach Firefighter's Pension Fund v. Startek, Inc.*, 2008 WL 879023, *8 (D.Colo. 2008).

Mr. Ajjarapu claims that several weeks following his resignation from AE, he communicated with his brokerage firm, Gunn Allen Financial about his stock shares in AE.  The Ajjarapus claim that CST made the following misleading or false statement: ". . . CST, on instructions believed to have originated from AE, indicated to Gunn Allen [the Ajjarapus' brokerage firm] that Rule 144 would not be available to the Shareholders as AE failed to meet its current reporting requirements seven months earlier and therefore, another five-month waiting period would be required [before removal of the restrictive legend]."  (Pr.Am.Compl. ¶ 29.)  The Ajjarapus claim, "to determine whether a particular request complies with applicable laws and regulations, CST requests and relies upon the opinion of a licensed attorney."  (*Id.* ¶44.)  The Ajjarapus claim that they provided CST with their private counsel's opinion concerning the applicability of SEC Rule 144 to the Ajjarapus' shares on or about March 31, 2009.  (*Id.* ¶ 45.)  CST was also alleged to have received legal opinions regarding the applicability of SEC Rule 144 to other AE shareholder's from AE's counsel, Crone, which was consistent with the Ajjarapus' counsel's opinion that the restrictive legends on the stock could be removed.  (*Id.* ¶

50.)  In spite of these three legal opinions, CST continued to refuse to remove the restrictive

legends on the Ajjarapus' stock certificates pursuant to SEC Rule 144.  (*Id.* ¶ 52).  The proposed

Amended Complaints then states, "Ms. Karen Naughton, an employee of CST, indicated in a

March 31, 2009 letter to GunnAllen, to the surprise of Ms. Taylor after the conflicting

instructions only two months earlier, that AE shareholders would now only require a six month

holding period for Rule 144 reliance." (*Id.* ¶ 32.)

In a securities fraud case, the appropriate level of scienter is "a mental state embracing

intent to deceive, manipulate, or defraud, or recklessness."  *Adams*, 340 F.3d at 1105.  An

inference is a logical conclusion drawn from the facts, or "the act of passing from one or more

propositions ... considered as true to another the truth of which is believed to follow from that of

the former."  (*Id.*)  The Tenth Circuit has therefore held that the requirement of a strong

inference of scienter in a securities fraud case is "a conclusion logically based upon particular

facts that would convince a reasonable person that the defendant knew a statement was false or

misleading."  Given the legal opinions before CTS regarding restrictions on AE stock for

stockholders possessing fewer shares than the Ajjarapus and the knowledge based on their status

as the transfer agent for AE of what the sale of over eight million shares of AE stock might do to

the valuation of the stock, I find the proposed Amended Complaint has set forth facts which

would permit a reasonable person to conclude that CST knew the statements to Gunn Allen were

false or misleading.  Therefore, accepting the factual allegations in the proposed Amended

Complaint as true, as I must at the Fed. R. Civ. P. 12(b)(6) motion stage, and considering the

allegations in light of Rule 15's command that leave to amend shall be freely given, I find that

the proposed Amended Complaint has set forth a claim against CST for, at the least, collusion in

a scheme to defraud the Ajjarapus with respect to the transfer or sale of securities.

### 3.        Re-stated or Re-alleged Claims Against AE.

In the context of a proposed amended complaint, a Plaintiff should not be impeded from

pursuing claims merely because its pending cross-claims and counterclaims, as pled, may be

subject to dismissal.  Indeed, "the most common use of Rule 15(a) is by a party seeking to

amend in order to cure a defective pleading." *Qdoba Restaurant Corp. v. Taylors, LLC,* 2008

WL 4426009, *2 (D. Colo. 2008).  *See also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1474, at 523 (2d ed.1990).

To the extent putative Defendants AE and CST base their futility arguments on the

theories advanced in AE's pending motion to dismiss, the Court notes: (1) the motion to dismiss

is not referred to this judicial officer for resolution and the Court makes no judgment regarding

Defendant's likelihood of success on those pleadings; and (2) amendment of Plaintiff's complaint

may technically moot the pending motion to dismiss such that Defendant may, if appropriate, be

required to advance its theories in a new or supplemental motion.  *See Gotfredson v. Larsen LP*,

432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that "Defendants' motions to dismiss are

technically moot because they are directed at a pleading that is no longer operative").

Accordingly, the interests of judicial economy and efficiency are promoted by permitting

amendment and subsequent abandonment of the motion to dismiss or its reassertion with

arguments addressing all claims, if appropriate.  *Qdoba, id.*

17

Wherefore, for the reasons stated, it is **ORDERED**

1.      Surendra Kumar Ajjarapu's and Sandhya Ajjarapu's "Motion for Leave to File Amended and Restated Complaint and to Join Party on Behalf of Counter-Claimants/Cross-Claimants" [Doc. No. 37] is **GRANTED**.  The Amended and Restated Complaint, now attached as Doc. No. 37-2 to the motion shall be FILED.

2.      CST's "Motion for Entry of Show Cause Order to Discharge Plaintiff from Liability and Injunction" [Doc. No. 8] is **DENIED.**

Dated this 13th day of October, 2009.


                                        **BY THE COURT:**


                                        _____
                                        Kathleen M. Tafoya
                                        United States Magistrate Judge