IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01013–CMA–KMT

SURENDRA KUMAR AJJARAPU, and
SANDHYA AJJARAPU

    Plaintiff,

v.

AE BIOFUELS, INC.,
CRONE ROZYNKO, LLP, and
CORPORATE STOCK TRANSFER, INC.,

    Defendants.

---

# ORDER

---

This matter is before the court on Defendant Crone Rozynko, LLP's (hereinafter "Crone") "Motion for Protective Order and to Stay Discovery" [Doc. No. 91, filed March 4, 2010]. Plaintiffs Surendra Kumar Ajjarapu and Sandhya Ajjarapu (hereinafter "Ajjarapus") opposed the motion on March 12, 2010 ("Plaintiffs' Memorandum in Opposition to Crone Rozynko LLP's Motion for Protective Order and to Stay Discovery [Doc. No. 93]) and Defendant Crone replied on March 30, 2010 [Doc. No. 94]. Neither Defendants AE Biofuels, Inc. nor Corporate Stock Transfer, Inc. filed an objection to the relief requested by Crone.

Crone was joined as a party for the first time in the Amended and Restated Complaint [Doc. No. 52] after Plaintiffs successfully argued they had established a *prima facie* showing of

personal jurisdiction sufficient to join Crone as a defendant. (See Order, Doc. No. 47.) Thereafter Crone filed a Motion to Dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). That motion, carrying a different standard of review than was applied pursuant to Fed. R. Civ. P. 15, is currently pending before the District Court.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United* States, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Federal Rule of Civil Procedure 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1). Specifically, this District has found that subjecting a party to discovery when a motion to dismiss based on a jurisdictional defense is pending would subject that party to undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident,* 2006 WL 894955, at *2 (defense of lack of personal jurisdiction). When considering a stay of

discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*; *see also*, *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987). Indeed, a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."

8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

This case was originally filed as an interpleader action on May 1, 2009. After overcoming several procedural hurdles, both the a re-alignment of the parties and the addition of Crone was allowed on October 13, 2009. Crone has yet to file an Answer in the case. If the court lacks personal jurisdiction over Crone, the case against Crone would be fully resolved, although the remainder of the case would continue against the other defendants.

Given the present posture of the case, although the plaintiffs do have an interest in proceeding expeditiously with the entire civil action, the potential prejudice to plaintiff of a delay in discovery as to Crone is minimal. Crone is named in only one claim and is a minor participant, at best, in the factual basis supporting the claims in the case. Ongoing discovery as to the remaining defendants will be, in part, applicable to Crone should Crone's motion to

dismiss be denied. Weighed against this minor prejudice to the plaintiffs, the burden upon Crone to proceed with discovery obligations is great if it is ultimately successful on its claim that this court lacks personal jurisdiction.

The Court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to tip the scales in any different direction. The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery where, as here, a dispositive motion is pending. *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const.* Co., Inc., 2008 WL 1925100, at *2 (D. Colo. 2008); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources"). However, the court will likely be required to resolve similar disputes as to the remaining parties in any event, so this consideration is neutralized. Finally, the parties have not asserted, and the court otherwise does not find, any compelling nonparty or public interests that would be affected if a stay were granted.

Balancing the five factors considered above, the court finds that a stay of discovery proceedings as to Defendant Crone is appropriate until the district court rules on "Crone Rozynko LLP's Motion to Dismiss First Amended and Restated Complaint" [Doc. No. 84].

Therefore, it is **ORDERED**

Crone's "Motion for Protective Order and to Stay Discovery" [Doc. No. 91] is GRANTED. Discovery between any party and Crone is stayed pending ruling by the District Court on Crone's Motion to Dismiss First Amended and Restate Complaint.

It is further **ORDERED**

The parties shall file a status report within five business days of any ruling on Crone's Motion to Dismiss First Amended and Restated Complaint addressing any remaining discovery or scheduling matters which result from the court's ruling.

Dated this 15th day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge